Filed 5/2/13  P. v. Avalos CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057064 |
| v. | (Super.Ct.No. RIF1100195) |
| RUBEN AVALOS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jeffrey Prevost, Judge.

Affirmed.

Patrick E. DuNah, under appointment by the Court of Appeal, for Defendant and

Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

On July 6, 2011, an information was filed against defendant and appellant Ruben Avalos[1] involving three victims. As to Jane Doe 1, defendant was charged with five counts of engaging in unlawful sexual intercourse or sodomy with a person 10 years of age or younger. (Pen. Code, § 288.7, subd. (a), counts 1-5.) As to Jane Doe 2, defendant was charged with one count of engaging in oral copulation or sexual penetration (§ 288.7, subd. (b), count 6), and two counts of committing a lewd or lascivious act (§ 288, subd. (a), counts 7 & 8). As to Jane Doe 3, defendant was charged with one count of engaging in unlawful sexual intercourse or sodomy with a person 10 years of age or younger (§ 288.7, subd. (a), count 9), and two counts of engaging in oral copulation or sexual penetration (§ 288.7, subd. (b), counts 10 & 11).

On August 2, 2012, jury voir dire commenced. However, on August 7, 2012, prior to the completion of jury selection, a negotiated disposition was reached. By stipulation of the parties, six counts of section 288, subdivision (b)(1), (committing a lewd act on a child using force or violence), were added: counts 12 and 13 as to Jane Doe 1; counts 14 and 15 as to Jane Doe 2; and counts 16 and 17 as to Jane Doe 3. Defendant pled guilty to counts 12 through 17, in exchange for stipulated sentence of 46 years in state prison and the dismissal of the balance of the charges.

---

[1] The court notes that the record shows defendant's name both as "Ruben Avalos" and as "Ruben Avalos Camarillo."

At the sentencing hearing, the trial court denied probation. The trial court then sentenced defendant to the agreed term of 46 years in state prison. Count 12 was deemed the principal count, and defendant was sentenced to the upper term of eight years on that count. Consecutive upper terms of eight years were imposed on counts 13 through 16, and a consecutive midterm of six years was imposed on count 17. The trial court awarded defendant 676 days of custody credits under section 2933.1. The court imposed a $200 restitution fine under section 1202.4, and a $200 parole revocation fine under section 1202.45, suspended pending successful completion of parole. The court also ordered defendant to register under section 290.

Defendant filed a timely notice of appeal, and Appellate Defendants, Inc., filed a timely amended notice.

## STATEMENT OF FACTS

In his plea agreement, defendant agreed that "I did the things that are stated in the charges that I am admitting."

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

3

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.


KING
J.

4